United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
December 30, 2020
David J. Bradley, Clerk

| | |
|---|---|
| Rodolfo Banda,<br><br>    Plaintiff,<br><br>versus<br><br>BP Exploration & Production, Inc., et al.,<br><br>    Defendants. | Civil Action H-19-1165 |

## Opinion on Costs

1.    *Background.*

Rodolfo Banda was a cleanup worker for the *Deepwater Horizon* incident. He claims he developed "chronic medical conditions" from exposure during his work.

On November 26, 2018, Banda sued under the Back End Litigation Option of the *Deepwater Horizon* Medical Benefits Class Action Settlement. On August 6, 2020, the case was voluntarily dismissed with prejudice under federal rule 41 on the agreement of the parties.

On August 19, 2020, BP Exploration & Production, Inc., as the prevailing party, applied for costs under federal rule 54. Because Banda is unable to overcome the strong presumption that BP Exploration & Production is entitled to costs, BP Exploration & Production will prevail.

2.    *Application for Costs.*

Federal rule 54(d) allows a prevailing party to recover costs related to the recording and transcribing of depositions and the service of process. The losing party must overcome the strong presumption that the prevailing party is entitled

to these costs. Along with the case being brought in good-faith, the court may consider other factors in determining whether the presumption is overcome: (a) the losing part's limited financial resources; (b) misconduct by the prevailing party; (c) close and difficult legal issues presented; (d) substantial benefit conferred to the public; and (e) the prevailing party's enormous financial resources.[1]

Banda argues that the case was brought in good-faith, but this is not strictly true. He knew that he did not have a documented, qualifying illness when he sued.

Banda also claims that he has limited financial resources. He has offered no facts in support. Rather, his deposition highlights a history of gainful employment. Without any evidence of his financial resources, this argument is insufficient.

Banda says that the case presented a close and difficult legal issue because other BELO cases required extensive briefing and that this case was similar. The Settlement and maritime law are clear requiring expert opinion to establish causation. Banda's argument fails to overcome the presumption because of the consistent application of this standard across BELO cases.

Banda also argues that BP Exploration & Production has "enormous financial resources." It is impermissible to consider BP Exploration & Production's wealth in this type of determination, so this argument fails.

In this court, Banda's lawyer has filed 88 parallel cases. The complaints are repetitive. Most of the others were dismissed voluntarily.

3. *Conclusion.*

Because Banda is unable to overcome the strong presumption that BP Exploration & Production is entitled to costs, BP Exploration & Production will take:

---

[1] *Pancheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).

a. $2,071.90 for the recording and transcribing of Banda's deposition;
b. $705.58 for the recording and transcribing of Dr. D'Andrea's deposition;
c. $55.00 for service of a subpoena on Dr. D'Andrea;
d. $437.65 for the recording and transcribing of Jenny Sanchez's deposition; and
e. $565.10 for the recording and transcribing of Luz Lopez's deposition,

in costs from Rodolfo Banda.


Signed on December 30, 2020, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge